Alfredo N. AGUILAR–CASTANON,
Petitioner,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 02–73139.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.**

Decided July 19, 2004.

Adolfo Ojeda–Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Se-

---

* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

attle, WA, Linda S. Wendtland, Esq.,John S. Hogan, Leslie McKay, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM ***

Alfredo N. Aguilar–Castanon, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Even if we assume that Aguilar–Castanon established past persecution, the IJ properly relied on a State Department Country Report to determine that conditions in Guatemala have changed such that Aguilar–Castanon's fear of future persecution is not objectively reasonable. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003).

By failing to qualify for asylum, Aguilar–Castanon necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Aguilar–Castanon's contention that the BIA's streamlining procedures violate his due process rights is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant *to Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.